IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDRA FAUST, AS THE ADMINISTRIX OF THE ESTATE OF DANIEL FAUST, DECEASED, AND SANDRA FAUST IN HER OWN RIGHT | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION |
| | : | 07-4691 |
| THE CITY OF LANCASTER, ET AL. Defendants | : | |

**ANSWERS AND AFFIRMATIVE DEFENSES OF DEFENDANT BOROUGH OF LITITZ AND DEFENDANT OFFICERS MILLER AND DETZ TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Court's Order of June 23, 2008 is incorporated herein by reference.

**NATURE OF ACTION**

Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further response, the Court's Order of June 23, 2008 is incorporated herein.

**JURISDICTION AND VENUE**

1. The averment pleads jurisdictional statements to which no response is necessary.
2. Averments stating jurisdiction require no response. The remainder of this averment is denied as a conclusion of law to which no answer is required.
3. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the

truth of the averments contained in this paragraph and, therefore, deny same and demands strict proof thereof at trial.

4. It is admitted only that Plaintiff Sandra Faust is the mother of Decedent Daniel Faust. The remainder of the averment is denied as after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demands strict proof thereof at trial.

5. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

6. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

7. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

8. Admitted.

9. Denied as stated. Pursuant to the Court's June 23, 2008 Order, Lititz Borough Police Department was dismissed from this action with prejudice. It is admitted that Borough of Lititz operates a Police Department.

10. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

11. Admitted.

12. Admitted.

13. Admitted.

14. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

15. The averments contained in this paragraph state conclusions of law to which no answer is required.

16. The averments contained in this paragraph state conclusions of law to which no answer is required.

**FACTUAL ALLEGATIONS**

17. Admitted in part, denied in part. It is admitted that on November 7, 2005 Officers Miller, Detz and Burdis attempted to serve an actual arrest warrant on Daniel Faust. The remainder of this averment is denied as a conclusion of law to which no answer is required.

18. Admitted in part, denied in part. It is admitted that the actual arrest warrant was issued by Magistrate J. Garrat on the date listed on the warrant.

19. It is admitted that Officers Miller, Burdis and Detz made the decision to execute the arrest warrant on Daniel Faust at 10:30 p.m. when it was believed Faust would be arriving home. It was not known by the Defendant Officers that Faust would be armed and dangerous.

20. Denied. By way of further response, all three Defendant Officers were in full uniform and marked police vehicles.

21. Denied as stated. By way of further response, Defendant Officers Miller, Detz and Burdis' plan was to serve the arrest warrant.

22. Denied as stated. By way of further response, Defendant Miller went to the driver's window. Defendant Detz was at the front passenger side of the vehicle and Defendant Burdis was at the rear of the vehicle.

23. Denied as stated. By way of further answer, see answer to No. 22 above. Furthermore, all officers were in full uniform.

24. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demands strict proof thereof at trial. By way of further response, Defendant Officer Miller identified himself as a police officer with an arrest warrant and directed Daniel Faust to open the door. Faust refused to comply. Defendant Officer Miller threatened Daniel Faust that if he did not comply, Officer Miller would break the window. Daniel Faust continued not to comply with Officer Miller. Therefore, Officer Miller broke Daniel Faust's window, after which Daniel Faust shot Officer Miller.

25. Admitted.

26. Denied as stated. By way of further response, after Defendant Miller broke the window, it is admitted a sound was heard but it is denied the popping sound was shattering glass. Further, Defendant Detz saw muzzle flashes from inside the vehicle. It is admitted Defendant Detz returned fire, Defendant Miller realized he was shot and immediately fled the scene.

27. Admitted in part and denied in part. It is admitted only that Faust managed to leave his truck and fled on foot and neither Burdis or Detz pursued Faust. By way of further response, after reasonable investigation, Answering Defendants lack sufficient

knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demands strict proof thereof at trial.

28. Admitted. By way of further response, the charges appear on the warrant.

29. The District Attorney's report is a document which speaks for itself. By way of further response, the .38 caliber revolver would not expel a shell casing. Further, all bullets fired by Defendants Burdis and Detz were recovered.

30. Admitted.

31. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demands strict proof thereof at trial.

32. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demands strict proof thereof at trial. By way of further response, Defendants Miller and Detz did not proceed to 1211 Penny Road in Drumore Township, Pennsylvania.

33. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demands strict proof thereof at trial. By way of further response, Defendants Miller and Detz were not present.

34. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

35. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

36. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

37. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

38. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

39. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

40. Admitted. By way of further response, the report referenced in this averment is a document which speaks for itself.

41. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

42. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

**FIRST CAUSE OF ACTION**
**Civil Rights, Civil Action for Deprivation of Rights**
(In Violation of 42 U.S.C. §1983)
(Against All Defendants)

43. Answering Defendants incorporate by reference paragraphs 1 through 42 above as though set forth fully herein at length.

44. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

45. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

46. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

47. The averments contained in this paragraph state conclusions of law to which no answer is required.

48. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

49. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

50. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

51. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. Answering Defendants assert their entitlement to tort immunity because their actions did not amount to willful misconduct pursuant to 42 Pa.C.S.A. § 8550.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the Court.

**SECOND CAUSE OF ACTION**
**Assault**
(Against Defendant Corporal Joseph Christaldi)

52. Answering Defendants incorporate by reference paragraphs 1 through 51 above as though set forth fully herein at length.

53. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

54. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

55. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the Court.

**THIRD CAUSE OF ACTION**
**Battery**
(Against Defendant Corporal Joseph Christaldi)

56. Answering Defendants incorporate by reference paragraphs 1 through 55 above as though set forth fully herein at length.

57. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

58. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

59. This averment refers to Defendants other than Answering Defendants, and, therefore, no answer is required.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the Court.

**FOURTH CAUSE OF ACTION**
**Wrongful Death**
(In Violation of 42 P.S. § 8301)

60. Answering Defendants incorporate by reference paragraphs 1 through 59 above as though set forth fully herein at length.

61. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

62. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

63. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

64. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

65. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

66. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

67. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the Court.

**FIFTH CAUSE OF ACTION**
**Survival Act**
(In Violation of 42 P.S. § 8302)

68. Answering Defendants incorporate by reference paragraphs 1 through 67 above as though set forth fully herein at length.

69. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

70. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

71. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

72. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

73. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

74. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the Court.

75.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the Court.

**FIRST AFFIRMATIVE DEFENSE**

The Second Amended Complaint fails to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Answering Defendants are entitled to qualified immunity.

**THIRD AFFIRMATIVE DEFENSE**

Answering Defendants at all times relevant hereto complied with all federal, state and local statutes, regulations and/or ordinances in effect.

**FOURTH AFFIRMATIVE DEFENSE**

At no time have the Answering Defendants, either individually or in concert with others, deprived or sought to deprive the Plaintiff of any rights, privileges or immunities secured to them by the Constitution or laws of the United States.

**FIFTH AFFIRMATIVE DEFENSE**

At all relevant times, Answering Defendants have acted with a reasonable, good faith belief in the lawfulness of their actions and are entitled to qualified immunity from damages therefore.

**SIXTH AFFIRMATIVE DEFENSE**

All actions taken by Answering Defendants were proper, lawful, correct and in full accord with all applicable statutes, regulations, customs, laws and usages.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants Miller and Detz assert all defenses available under the Pennsylvania Governmental Immunity Statute.

**EIGHTH AFFIRMATIVE DEFENSE**

The Borough and any individual Defendant sued in his or her official capacity are immune from the imposition of punitive damages.

**NINTH AFFIRMATIVE DEFENSE**

Defendants Miller and Detz's use of force complies with 18 P.S. §508 applicable to any state law claims.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against all other parties, plus interest, costs and fees and other relief deemed appropriate by the Court.

**MARKS, O'NEILL, O'BRIEN COURTNEY, P.C.**

BY: */s/ Patricia Fecile-Moreland*
Patricia Fecile-Moreland, Esquire
Identification No. 83798
1800 John F. Kennedy Boulevard, Suite 1900
Philadelphia, PA 19103

(215) 564-6688

Date: August 14, 2008

Attorney for Defendants, Borough of Lititz and Officers Miller and Detz

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answers and Affirmative Defenses of Defendant Borough of Lititz and Officers Miller and Detz to Plaintiff's Second Amended Complaint was sent via electronic filing on the ECF System to the following:

Philip J. Berg, Esquire
555 Andorra Glen Court
Suite 12
Lafayette Hill, PA 19444-2531
**Counsel for Plaintiff**
philjberg@gmail.com

Abbe Pacuski, Esquire
Deputy Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
**Counsel for Defendants, Pennsylvania State Police, Corporal Joseph Christaldi**
mpacuski@attorneygeneral.gov

Robert G. Hanna, Esquire
Lavery, Faherty, Young & Patterson, P.C.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108
**Counsel for Defendants Township of Warwick and Officer David Burdis**
Rhanna@laverylaw.com

*/s/Patricia Fecile-Moreland*
Patricia A. Fecile-Moreland, Esquire

Date: August 14, 2008